Filed 12/3/14  P. v. Broussard CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DAYLON SUIYOBI BROUSSARD, <br><br> Defendant and Appellant. | H040537 <br> (Santa Clara County <br> Super. Ct. Nos. C1233013, B1260307) |

Defendant Daylon Suiyobi Broussard pleaded no contest to five counts of second degree burglary (Pen. Code, § 459);[1] one count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)); one count of passing counterfeit money (§ 648); and two counts of possession of an altered check, bill, or note (§ 476). He also admitted a prison prior term allegation. The superior court sentenced Broussard to a term of five years in county jail with no further supervision upon his release. The court also ordered that Broussard "have no contact with the Target store anywhere in Santa Clara County" following his release. On appeal, Broussard challenges the no contact order, which the People concede should be stricken.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

On June 12, 2012, the Santa Clara County District Attorney filed an amended complaint in case No. C1233013, charging Broussard with five counts of second degree burglary (§ 459), one count of possession of methamphetamine (Health & Saf. Code, §

---

[1] Further unspecified statutory references are to the Penal Code.

11377, subd. (a)), and five misdemeanor counts of uttering and passing counterfeit money (§ 648). Each burglary count alleged Broussard had entered one of four Target locations with intent to commit theft. The complaint further alleged Broussard had served one prior prison term, within the meaning of section 667.5, subdivision (b).

The following day, the Santa Clara County District Attorney filed an amended complaint in case No. B1260307, charging Broussard with two counts of possession of an altered check, bill, or note (§ 476). That complaint also alleged Broussard had served a prior prison term.

The facts of the underlying offenses are not in the record.

Broussard accepted plea agreements in both cases on October 12, 2012. In case No. C1233013, he admitted the prison prior term allegation and pleaded no contest to five counts of second degree burglary, one count of possession of methamphetamine, and one count of passing counterfeit money. In case No. B1260307, he pleaded no contest to both counts and admitted the prior prison term allegation. The plea agreement called for Broussard to serve five years in county jail, with three years in custody and two years of mandatory supervision, pursuant to section 1170, subdivision (h).

When Broussard failed to appear for sentencing in January 2013, the court issued a bench warrant for his arrest. Broussard was arrested on July 17, 2013 and sentenced on November 8, 2013. The court sentenced Broussard to a term of five years in case No. C1233013 and to a concurrent term of two years in case No. B1260307. That full term sentence was imposed pursuant to section 1170, subdivision (h). The court stated that Broussard was not eligible for any "early release program" and that "[u]pon his release there is no further supervision." The court also ordered that appellant "shall have no contact with the Target store anywhere in Santa Clara County." Broussard timely appealed.

## II.  DISCUSSION

Broussard maintains there is no statutory or inherent authority for the court's order that he stay away from Target stores in Santa Clara County.  The People agree and request that the order be stricken.

Under section 1170, subdivision (h)(5)(B), "[t]rial courts have discretion to commit the defendant to county jail for a full term in custody, or to impose a hybrid or split sentence consisting of county jail followed by a period of mandatory supervision." (*People v. Catalan* (2014) 228 Cal.App.4th 173, 178.)  Here, the court sentenced Broussard to county jail for a full term in custody with no period of supervision upon his release.  Accordingly, section 1170, subdivision (h)(5)(B) does not authorize the stay away order.  Nor have we found any other authority for the order.  Therefore, we shall strike it as requested.

## III.  DISPOSITION

The order requiring Broussard to stay away from Target stores in Santa Clara County following his release is stricken.  As modified, the judgment is affirmed.

_____
Premo, J.

WE CONCUR:



_____
Rushing, P.J.



_____
Elia, J.